Dugro, J.
The complaint reads: “ The defendant being owner of real property hereinafter described * * * made sale thereof at public auction * * * at such sale, the plaintiff purchased the said premises for the sum, etc., * * * of $31.25 per acre.” Eo property is described in the complaint. If it be assumed that the property described in exhibit 1, which is attached to the complaint, is that which the complaint states will be thereinafter described, it is “property, at DeLancey’s Neck, in the town of Mamaroneck, Westchester county, N. Y., known as Vergemere, of about 22 57-100 acres.” This assumption will, for present purposes, be made.
The agreement which forms the basis of this action, and which is set forth in the complaint, provided that the plaintiff should recover the excess of the money paid over that which should have been paid for the actual contents in acres of the said premises at the rate of $31.25 per acre. Therefore, in order to be entitled to succeed in his action the plaintiff must have shown that the actual contents of the property at DeLancey’s Eeck, etc., known as Yergemere, of about 22 57-100 acres, was less than the stated number of acres.
Of what this property consisted does not appear, except as it is to be gathered from the plaintiff’s testimony, that he “ received a deed for certain premises known as Yergemere, in Mamaroneck, etc.” The premises described in the deed must, therefore, be taken as the premises which the plaintiff purchased, and whether these premises consist of less than 22 57-100 acres is thus the pivotal point in the case.
Eo question of title is raised, nor is any question as to the char *71 acter of the sale presented. The question is, how many acres does the deed convey ?
Tor the reasons assigned by the learned judge at special term, we believe that the descriptive clause in the deed covered the premises to low water mark. Storer v. Freeman, 6 Mass., 435, does not seem to sustain the plaintiff’s way of reasoning.
The judgment is affirmed, with costs.
Freedman, P. J., and Gildersleeve, J., concur.